People v National Rifle Assn. of Am. (2024 NY Slip Op 00389)

People v National Rifle Assn. of Am.

2024 NY Slip Op 00389

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 451625/20 Appeal No. 1558 Case No. 2022-05432 

[*1]The People of the State of New York etc., Plaintiff-Respondent,
v
The National Rifle Association of America, Defendant-Appellant, Wayne Lapierre et al., Defendants.

Brewer, Attorneys & Counselors, New York (Alassandra Cole Olsewski of counsel), for appellant.
Letitia James, Attorney General, New York (Matthew William Grieco of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 17, 2022, which denied the motion of defendant National Rifle Association (NRA) for a deposition of the New York State Office of the Attorney General (NYAG), unanimously affirmed, without costs.
Supreme Court was correct in applying the standard set forth in Liberty Petroleum Realty, LLC v Gulf Oil, L.P. (164 AD3d 401 [1st Dept 2018]). On this record, we find that NYAG was acting not as a plaintiff but as counsel to plaintiff, namely the People of the State of New York. NYAG possesses no personal knowledge of any facts at issue. Rather, all factual information in NYAG's possession comes from documents it has reviewed or from third parties it has interviewed. The documents are turned over in discovery and defendant could itself depose the third parties. A deposition of NYAG would not produce material and necessary discovery, and risks disclosure of privileged information or protected work product (see People v Katz,84 AD2d 381, 384 [1st Dept 1982]).
Applying this standard, Supreme Court's denial of NRA's motion was within its "broad discretion regarding discovery" (M.P. v Jewish Bd. of Family & Children's Servs., 211 AD3d 584, 585 [1st Dept 2022] [internal quotation marks omitted]; see also Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]["Notwithstanding our own discretion, deference is afforded to the trial court's discretionary determinations regarding disclosure"] [internal quotation marks omitted]). NRA does not dispute the Special Master's finding that NYAG turned over all nonprivileged documents in its possession. Rather, NRA contends that it needs to learn NYAG's legal theories to avoid unfair surprise at trial. The proper way to pursue NYAG's legal theories, as the Special Master stated, was through contention interrogatories. Supreme Court acted within its discretion in requiring NRA to pursue the absence of metadata through interrogatories rather than a deposition of NYAG.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024